IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE MARIA ALVAREZ CASTRO, et al.,

    Plaintiffs,

    v.

POLICE AGENT MARLENE NEGRON, et al.,

    Defendants.

CIVIL NO. 03-2103 (RLA)

**ORDER DISMISSING THE COMPLAINT**

This action was filed by JOSE MARIA ALVAREZ CASTRO ("JOSE MARIA") and his daughter, LUZ DELIA ALVAREZ MATOS ("LUZ DELIA"), against POLICE AGENT MARLENE NEGRON and POLICE SERGEANT RAFAEL GUEVARA in their individual capacities claiming violations of 42 U.S.C. § 1983. Defendants have moved the court to dismiss the instant case for failure to state a claim. In the alternative, defendants contend they are entitled to qualified immunity based on the facts alleged in the initial pleading.

The court having reviewed the complaint as well as the arguments of the parties hereby finds that no constitutional breach has been alleged which would allow for a section 1983 cause of action.

**Failure to State a Claim**

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. Campagna v. Mass. Dep't of Env't Prot., 334 F.3d 150, 154 (1st Cir.

**CIVIL NO. 03-2103 (RLA)**                                                      **Page 2**

---

2003); In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003); Frazier v. Fairhaven School Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. Asoc. de Education Privada de P.R. v. Echevarria, 385 F.3d 81, 85 (1st Cir. 2004); Campagna, 334 F.3d at 154; In re Colonial Mortgage, 324 F.3d at 15; Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) cert. denied 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36.  The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93. That is, there is no possible relief available "under any set of facts that could be proved consistent with the allegations." Peña-Borrero v. Estremeda, 365 F.3d 7, 11 (1st Cir. 2004) (citations and internal quotation marks omitted).

**CIVIL NO. 03-2103 (RLA)**                                                                 **Page 3**

When disposing of a motion to dismiss under Rule (12)(b)(6) the court may look at matters outside the pleadings which have been "fairly incorporated within it and matters susceptible to judicial notice" without converting it into a summary judgment petition. In re Colonial Mortgage, 324 F.3d at 15. In other words, in cases where "'a complaint's factual allegations are expressly linked to - and admittedly dependent upon - a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).'" Perry v. New England Bus. Serv., Inc., 347 F.3d 343, 345 n.2 (citing Beddall v. State St. Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

Therefore, it is proper for the court to review the contents of the Incident Reports and Accusation attached to defendants' Motion to Dismiss in ruling on the outstanding request while applying the Rule 12(b)(6) standard.

### Factual Background

According to the complaint, on October 14, 2002 plaintiffs went to the P.R. Police Station located at Carraizo Ward, Carolina, Puerto Rico, to lodge a complaint against ARMANDO DELGADO ALVAREZ ("ARMANDO") for allegedly having threatened to kill them both.[1]

Upon arriving, LUZ DELIA entered the Police Station while her father remained outside in the car. ARMANDO, who was also at the

---

[1] Complaint ¶ 1.

**CIVIL NO. 03-2103 (RLA)** **Page 4**

Police Station at the time, exited the premises, walked over to the car where JOSE MARIA was still sitting and hit him in the face with a revolver. As a result thereof he injured JOSE MARIA's "eyes, fractured his nose, knocked off several teeth and caused him to bleed profusely."[2]

"Meanwhile, plaintiff LUZ DELIA... was attacked by CARMEN CRUZ PEREZ, wife of ARMANDO... MRS. CRUZ PEREZ was waiting in her car for her husband outside the police station."[3]

As a result of these events, the police charged ARMANDO with aggravated assault. JOSE MARIA was identified as the victim in the pertinent Incident Report.

Identical misdemeanor accusations were lodged against LUZ DELIA and CARMEN CRUZ PEREZ for simple assault and alteration of the peace and the women were instructed to appear in court the following day. No bail or other conditions were set to ensure their appearance.

On October 15, 2002, probable cause was found for breach of the peace against LUZ DELIA. She was summoned to appear for her trial and once again no bail or other conditions were set to guarantee her presence at subsequent court proceedings.

---

[2] Complaint ¶ 1.

[3] *Id.*

## The Claims

Pursuant to the allegations of the complaint, two separate but related events triggered this litigation. First, the scuffle between LUZ DELIA and CARMEN CRUZ PEREZ with the ensuing criminal charges and second, the medical needs of JOSE MARIA after having been attacked by ARMANDO outside the Police Station.

Initially, plaintiffs contend that codefendants knew ARMANDO and for this reason "maliciously and in violation to (sic) [LUZ DELIA'S] rights helped in the filing of charges for aggression against [her] although she was innocent and instead was attacked by CARMEN CRUZ PEREZ, a fact known to [defendants]. Also, both tried to press charges against plaintiff... for other statutory crimes she did not commit and even testified against plaintiff [JOSE MARIA] during the state court hearings contrary to what took place at the scene."[4] Plaintiffs argue that these "acts constitute malicious prosecution and/or abuse of process."[5]

Additionally, plaintiffs argue that a constitutional duty to procure medical assistance for JOSE MARIA was breached by the defendants. Specifically, the complaint states "[t]hat the injuries sustained by plaintiff... [JOSE MARIA] required immediate medical attention... and his daughter... requested codefendants... to call an ambulance and paramedic service. Both co-defendants refused to call

---

[4] Complaint ¶ 3.

[5] *Id*. at ¶ 4.

**CIVIL NO. 03-2103 (RLA)** **Page 6**

for such help leaving plaintiff unattended and in need of medical help. Both defendants owed plaintiff ... [JOSE MARIA] a legal state duty and help him [sic] because he was wounded and under their custody."[6]

## § 1983 ELEMENTS

The complaint charges violation of 42 U.S.C. § 1983 which reads:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

Section 1983 does not create substantive rights but is rather a procedural mechanism for enforcing constitutional or statutory rights. Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Hence, it is plaintiffs' burden to identify the particular underlying constitutional or statutory right that is sought to be enforced via judicial proceedings.

In order to prevail in a § 1983 claim plaintiff must bring forth evidence that defendant (1) acted "under color of state law" and (2) deprived plaintiff of a federally protected right. Cepero-Rivera v.

---

[6] Complaint ¶ 2.

**CIVIL NO. 03-2103 (RLA)**                                                               **Page 7**

Fagundo, 414 F.3d 124, 129 (1st Cir. 2005); Rogan v. City of Boston, 267 F.3d 24 (1st Cir. 2001); Collins v. Nuzzo, 244 F.3d 246 (1st Cir. 2001); Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999); Dimarco-Zapa v. Cabanillas, 238 F.3d 25, 33 (1st Cir. 2001).

According to the complaint the defendants were acting within the scope of their duties as state officers at all relevant times. Therefore, the first section 1983 element is satisfied for purposes of the outstanding motion. We must then ascertain whether plaintiffs were deprived of any federally protected right as a result of the events described in the complaint.

### Malicious Prosecution

It is now clearly established that claims for malicious prosecution cannot serve as grounds for Due Process violations either in the procedural due process or substantive due process modes. Nieves v. McSweeney, 242 F.3d 46, 53 (1st Cir. 2001); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996). In Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), a plurality of the Supreme Court ruled that no substantive due process violation is available for criminal prosecutions instituted without probable cause. Further, because there is an adequate remedy at law available in Puerto Rico to indemnify victims of malicious prosecution[7] there is no viable procedural due process claim either. *See*, Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 43 (1st

---

[7] *See*, P.R. Laws Ann. tit. 31, § 5141 (1990).

**CIVIL NO. 03-2103 (RLA)**                                              **Page 8**

Cir. 1994) ("availability of an adequate remedy for malicious prosecution under commonwealth law... is fatal to appellants' procedural due process claim.")

In <u>Albright</u> the Supreme Court left open the issue of whether a malicious prosecution claim may trigger Fourth Amendment protection. The Court of Appeals noted in <u>Nieves</u> that "[i]t is an open question whether the Constitution permits the assertion of a section 1983 claim for malicious prosecution on the basis of an alleged Fourth Amendment violation." 241 F.3d at 54.

However, it is important to note that the Fourth Amendment protection is limited to seizures, *i.e.*, deprivations of liberty.

> [T]he Fourth Amendment does not speak of unreasonable prosecutions, and instead refers only to unreasonable searches and seizures... For a state actor to violate the Fourth Amendment by initiating a malicious prosecution against someone, the criminal charges at issue must have imposed some deprivation of liberty consistent with the concept of a seizure. The crux of the inquiry is whether a seizure has occurred, for... the essential elements of actionable section 1983 claims derive first and foremost from the Constitution itself, not necessarily from the analogous common law tort. Expressed differently, the constitutional violation lies in the deprivation of liberty accompanying the prosecution rather than in the prosecution itself.

**CIVIL NO. 03-2103 (RLA)**                                                             **Page 9**

Britton v. Maloney, 196 F.3d 24, 28-29 (1st Cir. 1999) (internal citations and quotation marks omitted).

According to the evidence on file, at no time was LUZ DELIA arrested or her liberty otherwise curtailed. She was merely cited by the police officer on October 14, 2002 to appear the following day before a judge and subsequently ordered to appear for trial. These circumstances have been specifically rejected as a restriction meriting Fourth Amendment protection. "[T]he view that an obligation to appear in court to face criminal charges constitutes a Fourth Amendment seizure is not the law." Nieves, 241 F.3d at 55. "Absent any evidence that [plaintiff] was arrested, detained, restricted in his travel, or otherwise subject to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court is insufficient to establish a seizure within the meaning of the Fourth Amendment." Britton v. Maloney, 196 F.3d 24, 30 (1st Cir. 1999).

Based on the foregoing, we find that no constitutional right has been impinged upon which would provide the basis for asserting a section 1983 cause of action for malicious prosecution.[8]

---

[8] Our ruling today is limited to the merits of the federal claim for malicious prosecution asserted under section 1983. We do not issue an opinion with respect to the viability of an intentional tort claim under local law. *See*, Garcia Gomez v. Estado Libre Asociado, 2005 TSPR 14 (setting forth the elements of malicious prosecution as: judicial proceedings initiated or instigated by defendant, conclusion in favor of plaintiff, proceedings instituted with malice and without probable cause, and damages to plaintiff as a result thereof). *See also*, Parrilla v. Ranger Am. of P.R., 133 D.P.R. 263 (1993); Raldiris v. Levitt 103 DPR 778 (1975); Vince v. Posadas de P.R. 683 F.Supp.

**CIVIL NO. 03-2103 (RLA)**                                                   **Page 10**

## Abuse of Process

"An action for abuse of process lies when an officer uses a lawful criminal process to accomplish an unlawful purpose. It is a distinct claim from false arrest and malicious prosecution to the extent that it can be held to lie regardless of whether there was probable cause or whether the proceedings terminated in favor of the charged party." Santiago v. Fenton, 891 F.3d 373, 388 (1st Cir. 1989) (citations omitted). "The gravamen of [the abuse of process] tort is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." Heck v. Humphrey, 512 U.S. 477, 486 n. 5., 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). "Abuse of process requires use of legal process for a purpose other than that for which it was intended". Kleiss v. Short, 805 F.Supp. 726, 727 (S.D. Iowa 1992) *aff'd* 995 F.2d 229 (8th Cir.).

A mere abuse of process does not allow for section 1983 liability; it must be accompanied by a constitutional violation.

> It has been recognized that the same limits that apply to section 1983 claims based on malicious prosecution also apply to claims that are in essence abuse of process claims. In short, a plaintiff pursuing a section 1983 action that is also the common law tort of abuse of process must allege more than would be necessary to state a claim

---

312 (D.P.R. 1988).

**CIVIL NO. 03-2103 (RLA)**                                                       **Page 11**

for abuse of process. The facts pleaded must be sufficient to assert arguably a constitutional injury. Kleiss, 805 F.Supp. at 727 (internal citation omitted).

"Whether abuse of legal process or malicious prosecution rises to the level of a constitutional violation actionable under 42 U.S.C. § 1983 depends upon whether, acting under color of state law, the defendant has subjected the plaintiff to a deprivation of constitutional magnitude. However, conduct which merely engenders common law tort liability, without infringing on constitutionally protected interests, is not a sufficient basis to support a cause of action under Section 1983." Cameo Convalescent Ctr., Inc. v. Senn, 738 F.2d 836, 845 (7th Cir. 1984) (internal citations and quotation marks omitted).

Similar to our findings under the malicious prosecution claim, there is no viable Due Process violation for an abuse of process claim. Further, under the facts of this case there was no seizure within the scope of the Fourth Amendment. Absent an alleged constitutional violation plaintiffs have failed to adequately plead a section 1983 cause of action for abuse of process.

### Medical Attention

Denial of adequate medical attention by the government to persons under its custody merits constitutional protection. The refusal to provide or the excessive delay in providing needed medical attention to persons under government custody may give rise to a constitutional violation actionable under section 1983.

**CIVIL NO. 03-2103 (RLA)** Page 12

"The rights implicated here [lack of medical care] are the due process protections afforded a pre-trial detainee under the Fourteenth Amendment" Gaudreault, 923 F.2d at 208; Ferris v. County of Kennebec, 44 F.Supp.2d 62, 67 n.2; Jesionowski v. Beck, 937 F.Supp. 95, 101 (D. Mass. 1996). "The boundaries of this duty have not been plotted exactly; however, it is clear that they extend at least as far as the protection that the Eighth Amendment gives to a convicted prisoner." Gaudreault, 923 F.2d at 208. The applicable standard for determining whether the conduct at issue rises to a constitutional deprivation level is whether the defendants "acted with deliberate indifference ... to [decedent's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Gaudreault, 923 F.2d at 208; Ferris, 44 F.Supp.2d at 66-7; Jesionowski 937 F.Supp. at 101.

Plaintiffs argue that JOSE MARIA was entitled to medical attention because he was under defendants' "custody".[9] However, from the allegations in the complaint it is evident that JOSE MARIA was injured while sitting in a private car while waiting for his daughter outside the Police Station. Apart from plaintiffs' conclusory allegation, the pleading is devoid of any information which would lend support to such a claim. On the contrary, at no time was JOSE MARIA deemed to be under police custody in order to be entitled to constitutional protection.

---

[9] Complaint ¶ 2.

**CIVIL NO. 03-2103 (RLA)**                                                      **Page 13**

### Conspiracy

Plaintiffs' attempt to avoid dismissal by arguing that they adequately pled a conspiracy claim is also unavailing.

"The fact that... plaintiff[s] style[] [their] claim as a conspiracy to prosecute [them] maliciously does not diminish [their] need to show a constitutional deprivation. In order to make out an actionable conspiracy under section 1983, a plaintiff has to prove not only a conspiratorial agreement but also an actual abridgment of some federally-secured right. Moreover, it is the plaintiff's burden to identify the specific constitutional right infringed." Nieves, 241 F.3d at 53 (internal citations omitted).

As previously noted, the allegations in the complaint fall short of any constitutional breach. The underlying tort claims do not rise to a constitutional dimension and the conspiracy argument fares no better.

### Conclusion

Based on the foregoing, we find that no constitutional violation has been alleged, a conditional prerequisite for a section 1983 claim.[10]

Accordingly, defendants' Motion to Dismiss (docket No. **11**)[11] is **GRANTED** and the complaint filed in this case is hereby **DISMISSED** for failure to state a claim.

---

[10] Given our ruling, there is no need to address the merits of the qualified immunity defense raised by defendants.

[11] See, Opposition (docket No. **15**) and Reply (docket No. **17**).

**CIVIL NO. 03-2103 (RLA)** **Page 14**

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 1st day of March, 2007.

                                                    S/Raymond L. Acosta
                                                    RAYMOND L. ACOSTA
                                      United States District Judge